TATE, Judge.
This is a suit by the insurer of an alleged principal to be indemnified for workmen’s compensation benefits paid to an employee of the defendant Davis. The defendant denies liability on the ground that he was an employee and not an independent contractor of the principal. The trial court agreed with the defendant’s contention and therefore dismissed the suit. The plaintiff appeals.
The suit arises under LSA-R.S. 23:1061, 23:1063, of the Louisiana workmen’s compensation law. Under these provisions, a principal is liable to employees of independent contractors injured while in the furtherance of the principal’s business. However, the principal is entitled to indemnification from the independent contractor for workmen’s compensation benefits thus paid by the principal to an employee of an independent contractor.
In the present case, the defendant Davis had a standing agreement with the Allen Parish School Board by which Davis delivered lunchroom commodities from the board warehouse to the various schools of the parish. Davis’s (sub) employee was injured in the performance of this work, *297 and the plaintiff as the board’s compensation insurer paid certain compensation benefits to this employee. The plaintiff insurer seeks to be indemnified for these payments upon the ground that Davis was allegedly an independent contractor for the school board and thus liable to indemnify the principal’s insurer.
The sole question of this appeal is whether the relationship between the school board and Davis should be characterized as that of employer-employee, or that of principal-independent contractor. If the former, Davis is not liable to indemnify his principal for compensation benefits paid a subemployee; if the latter, however, under the terms of LSA-R.S. 23:1063, Davis as independent contractor is required to indemnify his principal for compensation benefits paid Davis’s employee. (His principal’s insurer is subrogated to all the rights of the principal under the compensation act. LSA-R.S. 23:1162, subd. D.)
In Shelton v. Barber Brothers Co., La.App. 1 Cir., 94 So.2d 489, the court was required to decide a similar question, arising in similar litigation. The court there stated, 94 So.2d 490:
"As contrasted to an employee, an independent contractor is one independent in business who contracts to perform a specified piece of work for another for a specified price, without being subject in the performance of the contract to the control and direction of his employer except as to the result contracted for; which contract is not subject to termination or discontinuance at the will of either party without a corresponding liability for its breach. Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483. In the cited case’s comprehensive summary of the distinction between the relationships, our Supreme Court through Mr. Justice Simon remarked that ‘the most important test * * * is the control over the work which is reserved by the employer’, 79 So.2d 486; concluding that the right of control, rather than the actual control exercised, was the important criterion.”
In Shelton, the court also remarked, citing cases, “that the relationship may he that of employer-employee even though the employee furnishes the truck and other equipment, hires and pays sub-employees of his crew, and is paid on a piecework basis (which are more often indicia of the principal-contractor relationship), * * providing that the right to control is retained by the employer.” (Italics ours.) The court further noted that the decisions holding that an employer-employee relationship existed under these circumstances “remarked the degree of supervision of the employees in their performance of the contract and the legal right of the employer to terminate the relationship at his will at any time, the latter an important indicium of the right of control.” 94 So.2d 490.
In the present case, the defendant Davis had entered into an oral agreement with the school board superintendent to haul lunchroom commodities, as .required, to the various parish schools. Operations had been conducted under this oral arrangement for some seven or eight years.
Under the arrangement, Davis furnished his services to arrange for prompt delivery of schoolroom commodities upon each occasion that his services were so requested. Davis was to furnish the truck and to arrange to secure and pay for the one or two (sub) employees (or to furnish his own labor, as was done in a few instances) to be needed for each delivery — the number depending on how promptly the school board specified for the delivery to be made, since of course two employees could load and unload faster than one.
Under the arrangement, the basic rate of pay was $35 per day for Davis’s services. However, the school board superintendent determined and paid proportionately less when less than a full day’s work was required; and the school board superintendent also determined when two trucks should be required to make a single day’s. *298 delivery, in which event the board paid Davis $60 for the day’s work.
There was no written contract, nor was there any agreement that Davis had any contractual right for any period of time to deliver commodities for the school board. Either party had the right to terminate the arrangement at will.
The full deliveries were generally required during two to four days each month, and there were also occasional requests for delivery of supplies to individual schools which had run out. The school board determined on which days the commodities should be hauled, how much should be hauled, and to which schools the commodities should be delivered and how much to each school.
However, Davis did have the right to determine what make of truck and which employees he would use in performing the deliveries for the school board. This was subject only to the board’s general requirements that the truck (s) used by Davis be large enough to carry sufficient commodities in one load and that the (sub) employees furnished by Davis be able to read and write in order to know how to separate the commodities at each school in accordance with the board’s prior instructions.
Although the matter is not free from doubt, we find no error in the trial court’s determination that under all the circumstances the relationship between Davis and the school board was that of employer-employee rather than that of principal-contractor. The school board paid Davis for his services in arranging for and furnishing trucks and labor as needed and requested by the school board, in order to accomplish the deliveries as directed by the board. The school board determined how much, which days, and where Davis’s truck and subemployees should work on the school board business. The board could terminate the arrangement at will without a corresponding liability for breach of any contractual right, which in itself is an important indicium of the right of control.
This latter is a distinguishing feature between the present facts and those in the above-cited Shelton case relied upon by the plaintiff-appellant. The other two decisions relied upon by able counsel for such party, Venable v. Liberty Mutual Ins. Co., La.App. 3 Cir., 142 So.2d 639,[1] and Durant v. Industrial Lumber Co., La.App. 1 Cir., 6 So.2d 164, concerning arrangements much similar to the present, which were characterized as creating a principal-contractor relationship. The differentiating circumstance in the present facts, however, is that herein the school board principal-employer had a greater degree of supervision and control over Davis’s work and the method in which he performed it, than did the principals in the cited cases.
We therefore find no manifest error in the trial court’s conclusion that the school board as principal-employer had sufficient control over Davis’s performance of work for the school board, as to constitute him its employee rather than its independent contractor.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.

. As was specifically pointed out in the concurring opinion in that ease, there was no issue raised on appeal that the relationship therein was employer-employee rather than principal-contractor, see 142 So.2d 651, footnote 1; just as in the present ease the only issue is whether the relationship fell into one of these two classifications, and there is no contention for instance that the relationship was that of lessor-lessee (see Sadler v. May Bros., La.App. 1 Cir., 185 So. 81; Malone, Louisiana Workmen’s Compensation Law, 1951, Section 124), presumably because the degree of control precluded such contention or because, if made, the principal-lessee would still not have the right to enforce, contribution from the lessor of the equipment (see Sadler case, cited above; Malone, Section 127).