TATE, Judge.
The defendant Travelers appeals from dismissal of its third-party demand against Employers.
*459 Pertinently to this appeal, the principal demand is by Manuel against Travelers, the compensation insurer of Jennings Lumber.[1] Manuel alleges himself to be an independent contractor of Jennings Lumber.
By its third-party demand, Travelers seeks indemnity from Employers for any workmen’s compensation benefits allowed Manuel. Employers is a compensation insurer which had issued a policy to Manuel himself, doing business as a carpentering contractor.
- 1 -
Travelers’s third-party demand for indemnity is based upon the provision of LSA-R.S. 23:1063 allowing a principal contractor (Jennings Lumber, its assured) to be indemnified by its sub-contractor (Manuel) “for compensation payments paid * * * on account of an accidental injury to the employee of the subcontractor.” (Italics ours).
The contention of Travelers, thus, is that Manuel, the injured claimant, should be considered an “employee” of himself, so as to entitle Travelers to be indemnified for compensation payments made to Manuel as an injured employee or contractor of Jennings Lumber.
The simple answer to this contention is that the compensation statute does not permit an employer-principal to recover back from its own employee-contractor compensation payments made for work-injuries received by the latter personally. See Employers Liability Assurance Corp. Ltd. v. Davis, La.App.3d Cir., 166 So.2d 296. No provision of the statute is cited so providing.
LSA-R.S. 23:1063 does allow such indemnity where employees of a contractor recover compensation from the principal. In such instance, then the principal may recover back from the contractor compensation so paid to the contractor’s employees, since (as between the principal-contractor) the contractor is primarily responsible for compensation to his own immediate employees. LSA-R.S. 23:1061-63; Malone, Louisiana Workmen’s Compensation Law, Section 121 (1951).
However, here, under the pleadings (for purposes of the alternative demand) it is conceded by Manuel, the injured plaintiff, that he is either an employee of Jennings Lumber itself or else an independent contractor performing services for Jennings Lumber. Under no construction of the pleadings is Manuel the employee of any contractor of Jennings Lumber.
The trial court correctly held that Travelers, the compensation insurer of Jennings Lumber, had no right to indemnity under LSA-R.S. 23:1063 for compensation benefits paid to Manuel, because Manuel was not an employee of a subcontractor as required for indemnification by reason of such statutory provision.
- 2 -
We might comment upon Travelers’s contention that Manuel should be considered an employee of himself because his deposition shows that he performed an employee’s carpentering duties in his self-owned contracting business. Travelers points out that in similar circumstances a partner-owner may be considered an employee of a partnership, for workmen’s compensation purposes. Trappey v. Lumbermen’s Mutual Cas. Co., 229 La. 632, 86 So.2d 515.
*460 In the latter instance, the reason that a partner may be considered an employee of his partnership is that, as Trappey explains, a civil-law partnership is a legal entity or person separate and distinct from the individual partners who compose it. Litvinoff and Tete, Louisiana Legal Transactions, 39-43 (Claitor’s 1969). The partnership and the individual partner can thus confect the contractual relationship of employer-employee with each other.
However, an individual cannot be his own employee. An employment relationship results from a bilateral contract between two persons. Civil Code Articles 2669, 2745, et seq. “To all contracts there must be at least two parties. * * *” Civil Code Article 1765. A person cannot enter into an enforceable contract with himself alone to furnish services to himself. Cf., Litvinoff and Tete, Louisiana Legal Transactions 1, 144 et seq.
- 3 -
Travelers finally contends that summary judgment was improperly granted, since the pleadings show there to be a factual issue (for determination of the principal demand) as to whether Manuel is an employee of Jennings Lumber or instead an independent contractor.
LSA-CCP Article 966 provides that summary judgment be granted only if there be “no genuine issue as to material fact.” (Italics ours.) It is immaterial to Traveler’s third-party demand whether Manuel be Jennings Lumber’s employee or instead its independent contractor. For purposes of the indemnification sought by the third-party demand, no difference of legal consequence follows.[2]
Decree
For the foregoing reasons, we affirm the District Court judgment dismissing Travelers’s third-party demand, at the cost of the appellant Travelers.
Affirmed.

. Manuel primarily sues Jennings Lumber, its employee Cole, and Travelers in tort. The alternative demand for workman’s compensation is based upon a potential holding by the trial court that Manuel was an employee entitled to compensation, instead of being (as contended by Manuel) an independent contractor entitled to tort as not covered by the compensation act since not performing substantial manual labor, LSA-R.S. 23:-1021(6). As to latter, cf., Sam v. Deville Gin Co., La.App. 3d Cir., 143 So.2d 838.

. Indeed, the third-party demand by Travelers for contribution is founded on LSA-R.S. 23:1063 and is potentially available only if Manuel is a subcontractor. If Manuel, instead, is an employee of Jennings Lumber, then no statutory basis is shown for Travelers’s third-party demand. The factual issue as to whether Manuel is Jennings Lumber’s employee (instead of its contractor, the basis of the third-party demand) is thus not material to disposition of the third-party demand, which accepts Manuel’s contractor status, most favorably to Travelers’s third-party demand.