REGAN, Judge.
The plaintiff, Cecil DeSoto, filed this suit against the defendants, Tusa Brothers, Inc., a general contractor, and Continental Insurance Company, its workmen’s compensation insurer, endeavoring to recover $14,000 for permanent and total disability which he asserts was incurred while performing carpentry work for Tusa Brothers.
The defendants answered, and denied plaintiff’s right to recover compensation. Both defendants filed a third party petition against Hardware Mutual Casualty Company, the workmen’s compensation insurer of the partnership known as Dufour and DeSoto Home Builders, of which the plaintiff was a partner, endeavoring to recover indemnity for any and all sums which they might be ordered to pay to the plaintiff.
Following a trial on the merits, judgment was rendered in favor of the plaintiff and against Tusa Brothers, and its insurer for 12S weeks compensation at the rate of $34.00 per week plus medical expenses, interest and costs. Judgment was also rendered in favor of the defendants, Tusa Brothers, Inc., and Continental Insurance Company on their third party demand against Hardware Mutual, condemning Hardware Mutual to make contribution of one-half of the award to the plaintiff.
Tusa Brothers and Continental Insurance Company appealed from the judgment on its third party demand against Hardware Mutual, in an endeavor to recover complete indemnity for sums paid by it instead of contribution. Hardware Mutual answered the appeal in an effort to recover the sum of $3,082.83 which it paid to the plaintiff in accordance with the lower court’s judgment.
Both Tusa Brothers, Inc., and Continental Insurance Company, on the one hand, and Hardware Mutual on the other hand, agree that pursuant to the rationale of R.S. 23:1061 the sole remedy available to the third party plaintiffs is an action for indemnity and not contribution, so that either Hardware Mutual is obligated to pay all or it is obligated to pay none of the award made to the principal plaintiff herein.
R.S. 23:1061 reads as follows:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
“Where the principal is liable to pay compensation under this Section, he shall *741 be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.” (Emphasis added).
Hardware Mutual predicates its defense against the third party plaintiffs’ claim for indemnity on the basis that (1) DeSoto and his partner were not independent contractors of Tusa Brothers, Inc., on the job in question, but were instead employees, and (2) if the partnership of which the plaintiff was a member was in fact an independent contractor the plaintiff himself was not an employee of the partnership-subcontractor, thereby removing him from the rationale of R.S. 23:1061, which provides for indemnity for sums paid by a statutory employer to an employee from any person who would have been liable to pay compensation to the employee in the absence of the provisions of R.S. 23:1061.
In view of the law applicable to the second defense, we pretermit a determination of Hardware Mutual’s first defense. While Louisiana jurisprudence once reasoned to the contrary[1] it has now been settled by the Supreme Court of this state that a partner can be construed as an employee of the partnership to which he belongs for workmen’s compensation purposes. In Trappey v. Lumbermen’s Mutual Casualty Co.,[2] the Supreme Court reasoned that when a person belongs to a partnership and also by contract receives wages not dependent on the profit or loss experience of the partnership, so that his working and pay relationship were contractually separate from the partnership agreement, he may be considered to be an employee of the partnership for compensation purposes. In Carpenter v. New Amsterdam Casualty Company[3] a plaintiff was a partner in a trucking firm with another individual, and was injured while working for the partnership. The partnership was based on a verbal agreement, and each partner agreed that he would own 50% of the business and share equally in the profits or loss thereof. The court in the Carpenter case stated that under proper circumstances a partner could simultaneously be an employee and a partner in the same partnership. However, for this condition to exist it must be shown that the partner contracted separately with the partnership to be an employee and to receive a definite wage or other specific remuneration from the partnership in addition to his share of the profits as a partner. The language of the court also revealed that this contract would have to provide that the partner would be paid irrespective of the profit experience of the partnership, so that he would be entitled to his salary by contract even if the partnership should lose money.[4]
In Manuel v. Jennings Lumber Co.,[5] the organ for the court reasoned in a case similar to the one now before us that when an injured individual subcontractor received compensation from the general contractor, the general contractor did not possess the right to recover indemnity against the compensation insurer of the individual subcontractor for the reason that the individual injured was the subcontractor himself and was not an employee of a subcontractor as required by R.S. 23:1061 for indemnification. The organ for the court in the above case rationalized:
"The simple answer to this contention is that the compensation statute does not permit an employer-principal to recover back from its own employee-contractor *742 compensation payments made for work-injuries received by the latter personally. See Employers Liability Assurance Corp. Ltd. v. Davis, La.App., 3d Cir., 166 So.2d 296. No provision of the statute is cited so providing.
“LSA-R.S. 23:1063 does allow such indemnity where employees of a contractor recover compensation from the principal. In such instance, then the principal may recover back from the contractor compensation so paid to the contractor’s employees, since (as between the principal-contractor) the contractor is primarily responsible for compensation to his own immediate employees. LSA-R.S. 23:1061-63; Malone, Louisiana Workmen’s Compensation Law, Section 121 (1951).
“However, here, under the pleadings (for purposes of the alternative demand) it is conceded by Manuel, the injured plaintiff, that he is either an employee of Jennings Lumber itself or else an independent contractor performing services for Jennings Lumber. Under no construction of the pleadings is Manuel the employee of any contractor of Jennings Lumber.
“The trial court correctly held that Travelers, the compensation insurer of Jennings Lumber, had no right to indemnity under LSA-RS. 23:1063 for compensation benefits paid to Manuel, because Manuel was not an employee of a subcontractor as required for indemnification by reason of such statutory provision.” (Emphasis added).
The third party demand by Tusa Brothers and Continental Insurance Company is predicated almost entirely on the case of Pierson v. Aetna Casualty & Surety Company.[6] In that case, as in the case now before us, a partner of a subcontracting partnership sued the general contractor, a corporation, and its insurer for workmen’s compensation benefits. As in this case the general contractor and its insurer filed a third party demand against the workmen’s compensation carrier of the subcontracting partnership for indemnity. The First Circuit Court of Appeal reversed the lower court’s dismissal of the compensation insurer of the partnership on a motion for summary judgment and remanded the matter for trial with the statement that in the event the plaintiff is found to be an employee of his own partnership, and in the event that his partnership is in turn found to be a subcontractor of the general contractor, the general contractor would be entitled to indemnity against the insurance carrier of the partnership under R.S. 23 :- 1061. An analysis of the case, however, discloses that even in the Pierson case, upon which third party plaintiffs so heavily rely, one of the essential elements of proof to entitle a general contractor to indemnity from the insurance carrier of the subcontractor is the status of the plaintiff as an employee of his own partnership.
In this case the evidence inscribed in the record is clear to the effect that Cecil DeSoto, the original plaintiff, was a partner and one-half owner of the partnership known as Dufour and DeSoto Home Builders. The evidence is equally clear that he was not an employee of his own partnership. The plaintiff testified that he had a partnership agreement whereby he and Dufour split profits and losses on an equal basis. The partnership paid its expenses, overhead, and employees’ salaries out of the money received from Tusa Brothers, Inc., and divided the overplus between the partners after expenses. Consequently, it was possible for them to sustain a loss on the job and receive no remuneration for their efforts if salaries of their employees and their expenses equalled or exceeded the sums taken in by the partnership. Furthermore, income tax returns of plaintiff disclose that he did not classify *743 any income received by him as wages or salaries but listed his income on his tax return on the appropriate line for “other income” and filed a partnership tax return. In addition thereto he paid quarterly estimated taxes and did not have federal income tax withheld from his income. There was no evidence of any kind that any separate contractural agreement existed whereby the partnership hired DeSoto as its employee on a salaried basis in addition to his share of the partnership income. On the contrary, it was proved that even after his injury, both when he was unable to perform any work at all and later when he was only able to perform some paper work for the partnership, he nevertheless continued to receive 50% of the profits of the partnership, the same amount which he received before his injury. These facts reveal that in conformity with the rationale emanating from the Carpenter and the Manuel decisions, supra, the original plaintiff was not an employee of the subcontractor and the necessary factual situation did not prevail so as to entitle the compensation insurer of the general contractor to indemnity from the compensation insurer of the subcontractor under R.S. 23:1061. Since both parties concede that there is no authority for the lower court’s condemning Hardware Mutual for contribution, and since the requisites for indemnity under R.S. 23:1061 are not present, the judgment of the lower court on the third party petition of Tusa Brothers, Inc., and Continental Insurance Company must be reversed.
For the foregoing reasons, the judgment of the lower court on the third party demand by Tusa Brothers, Inc., and Continental Insurance Company against Hardware Mutual Casualty Company is hereby reversed and set aside and judgment is now rendered in favor of Hardware Mutual Casualty Company and against Continental Insurance Company and Tusa Brothers, Inc., solidarily, ordering them to reimburse Hardware Mutual Casualty Company for the full amount paid by it to the original plaintiff, Cecil DeSoto.
Tusa Brothers, Inc., and Continental Insurance Company are to pay all costs of this proceeding.
Judgment reversed in part.

. See Dezendorf v. National Casualty Co., La.App., 171 So. 160 (1936), and Harper v. Ragus, La.App., 62 So.2d 167 (1953).

. 229 La. 632, 86 So.2d 515 (1956).

. 159 So.2d 757 (1964), writs refused, 245 La. 797, 161 So.2d 276 (1964).

. This proposition was recognized as the law of Louisiana in Birmingham Fire Insurance Company of Pennsylvania v. Adolph, 378 F.2d 948 (5th Cir. 1967).

. La.App., 231 So.2d 458 (1970).

. La.App., 184 So.2d 572 (1966).