455 So.2d 1251 (1984)
Tullos FLINT
v.
ROCKWOOD INSURANCE COMPANY and Echelon Construction.
No. CA 1961.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1984.
*1252 Joseph W. Thomas, New Orleans, for plaintiff-appellee.
Frederick A. Miller, New Orleans, for defendant-appellant.
Before GARRISON and WARD, JJ., and L. JULIAN SAMUEL, J., Pro Tem.
GARRISON, Judge.
This is an appeal from an amended judgment of the district court rendered October 22, 1983, granting judgment in favor of Tullos T. Abadie Flint, wife of the decedent, Thomas J. Flint, Jr., in the amount of $204.00 per week from October 27, 1982 until plaintiff dies or remarries and burial expenses in the amount of $3,000.00, plus legal interest from the date of demand and costs. This judgment in workmen's compensation was rendered against Aetna Casualty and Surety Company and Echelon Construction Company. From that judgment, which we affirm, defendants Echelon and Aetna appeal. Plaintiff has additionally answered the appeal seeking penalties and attorney's fees on the grounds that defendant's failure to pay the workmen's compensation benefits was arbitrary and capricious.
On appeal, defendants argue that the trial court erred in finding the decedent a "working sub-contractor" under R.S. 23:1021(6). That statute provides as follows:
"As used in this Chapter, unless the context clearly indicates otherwise, the following terms shall be given the meaning ascribed to them in this Section:
* * * * * *
(6) `Independent contractor' means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter." (emphasis added).
Mr. Flint was the sole proprietor of Flint Lathing, a small family operated endeavor. On October 21, 1982 while helping his son to move 52 inch sheetrock weighing approximately 150-200 pounds, he suffered a heart attack at approximately 2:00 p.m. and died immediately. He was 50 years old. At the time of the fatal seizure Mr. Flint was the subcontractor to Echelon Construction *1253 Company on a construction job site for Cox Cable on Kabel Drive in Algiers.
At trial, five employee-relatives of the decedent testified that Mr. Flint engaged in approximately five hours per day of manual labor. During the remaining time, he would pick up and deliver materials to the job site. At the time of the heart attack, the Cox Cable job was the only job on which Flint Lathing was working. All of these individuals testified that it was a small family operation and that everyone would pitch in and help everyone else, generally doing "whatever had to be done."
The testimony of the five employee-relatives was further corroborated by Clifton Jones, Jr. a supervisor with Echelon Construction Company who testified that he had seen Mr. Flint engage in manual labor for significant periods of time. The only contradictory testimony was provided by the President of Echelon Construction Company.
Defendant argues that Mr. Flint should not recover against Echelon's insurer, Aetna, but rather against Flint's insurer, Rockwood Insurance Company.[1]
In Carney v. Liberty Mutual Insurance Co., 277 So.2d 175 (La.App.3rd, 1973) the Third Circuit dealt with a case that is on point with the instant appeal:
"Defendants Glaser Construction Company, Inc. and its insurer Liberty Mutual Insurance Company appeal the trial court judgment awarding total and permanent workmen's compensation disability benefits and penalties to plaintiff P.L. Carney. Defendants also appeal from the summary judgment which dismissed their third party claim against P.L. Carney Construction Company's insurer Employers Mutual Liability Insurance Company of Wisconsin, and from the denial of their third party claim against the P.L. Carney Construction Company. We affirm.
P.L. Carney Construction Company was a sub-contractor to Glaser Construction Company, Inc. on its contract to construct transmission power lines in Cameron and Calcasieu Parishes.
* * * * * *
The evidence before the court on the motion for summary judgment was limited to Employers' insurance policy and depositions of P.L. Carney and the insurance agent who placed the policy (by the assigned risk route) with Employers. Employers supported its motion for summary judgment by showing that plaintiff P.L. Carney was the insured under the policy issued to "P.L. Carney Construction Company, P.L. Carney Proprietor, an individual". Since the insured was the injured party he was not covered as an employee.

* * * * * *

Since the P.L. Carney Construction Company is a sole proprietorship, plaintiff P.L. Carney could not be his own employee. As employer, he cannot collect compensation benefits from his own compensation insurance carrier. Manuel v. Jennings Lumber Company, 231 So.2d 458, 460 (La.App. 3 Cir.1970).
* * * * * *
Plaintiff is not an employee of a sub-contractor as is required for indemnification under LSA-R.S. 23:1063; he is the sub-contractor. The company was a sole proprietorship; it was not a partnership and was not a corporation. It had no separate legal identity from that of Carney. In order for third party plaintiffs' suit for indemnity to fit the requirements of LSA-R.S. 23:1063, Carney would have to be considered an employee of himself. However, an individual cannot be his own employee. An employment relationship results from a bilateral contract between two persons. LSA-C.C. Arts. 2669, 2745 et seq., 1765. A person cannot enter into an enforceable contract with himself to furnish services to himself. *1254 Cf., Litvinoff and Tete, Louisiana Legal Transactions 1, 144 et seq.
* * * * * *
A workmen's compensation claim was filed with Carney's insurer Employers. This was eventually denied because plaintiff was the insured. On August 12, 1971 Carney's attorney made demand on the general contractor Glaser Construction for benefits under the compensation statute. This was in turn forwarded to Glaser's insurer Liberty Mutual which promptly started its investigation. No benefits were paid and on October 15, 1971 suit was filed.
* * * * * *
Defendants deny the existence of an employer-employee relationship; that plaintiff sustained an accident in the course and scope of his employment; that the accident caused the injury which Carney is complaining about; that Carney is totally and permanently disabled; that Carney's weekly compensation rate is $49; and that Liberty Mutual was arbitrary in rejecting Carney's demand.
Carney was a "working sub-contractor" as defined by LSA-R.S. 23:1021(6). As such he is entitled to workmen's compensation benefits because he suffered a disabling accident which arose out of the course and scope of Glaser's contract. The evidence demonstrated that the work performed by plaintiff was part of Glaser's business of erecting transmission power lines. LSA-R.S. 23:1021 includes an independent contractor within the ambit of workmen's compensation coverage if a "... substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract ..." The term "substantial part" was not intended as a phrase of mathematical precision, but instead indicates the converse of insubstantial or immaterial. Welch v. Newport Industries, 86 So.2d 704 (La. App. 1 Cir.1956); Vizena v. Travelers Insurance Company, 238 So.2d 238 (La. App. 3 Cir.1970). The preponderance of evidence shows that Carney spent more than half his work time in manual labor carrying out the terms of the sub-contract with Glaser. Although half is not a sacramental figure as indicated by the rule enunciated in Welch and Vizena, we cannot say that this percentage of work time or even a lesser percentage is insubstantial.
* * * * * *
LSA-R.S. 23:1201(2) provides for the assessment of penalties and attorney's fees against an insurer which has not paid a claim within sixty days of receipt of claim if the failure to pay is found to be arbitrary, capricious, and without probable cause. One reason Carney was denied compensation was that Liberty Mutual contended the other insurer owed the claim. This is not a justifiable reason to withhold benefits and force plaintiff to undergo the hardship, delay and legal expense in collecting his claim. Humphreys v. Marquette, 235 La. 355, 103 So.2d 895 (1958)." (emphasis added).
In Lushute v. Diesi, 354 So.2d 179, 182 (La.1978), the Supreme Court reaffirmed the Third Circuit's independent contractor test of Carney stating:
"We therefore conclude that an independent contractor is covered under the workmen's compensation law only when a substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal and the work performed by him is a part of the principals trade, business or occupation."
Accordingly, the trial court properly found that the decedent was an independent contractor of Echelon and was entitled to recover workmen's compensation benefits from Echelon and its insurer, Aetna. Accordingly, the judgment below is affirmed on this point.
Plaintiff argues that the trial court erred in failing to award penalties and attorney's fees. As quoted above, the court in Carney found that an insurer's contention that another insurer owes the claim is not a *1255 justifiable reason to withhold benefits and force plaintiff to undergo the hardship, delay and legal expense in collecting his claim. In the instant case, either or both of the two insurers could have paid the claim to plaintiff, reserving rights to litigate as between themselves the question of which insurer owed the debt.
In his oral reasons for judgment, the trial judge stated:
"... Let the record also reflect that the Court is not going to give penalty in (sic) attorney fees although it addresses this question to the Court of Appeal. The Court feels it is awfully close. It is awfully close as to the defendants being arbitrary and capricious herein or sloppy in the way they investigated this case. The Court has given the benefit of the doubt to the defendants, but addresses this point to the Court of Appeal to find out if this Court was in error in not granting penalty and attorney fees insomuch as the case came under the subcontracting status, the substantial work, et cetera. So I guess it has it has (sic) given the benefit of the doubt to the defendant at that point, but addresses itself to the Court of Appeals (sic) that it is a very close question. I do not usually give penalty in (sic) attorney fees. I think I only have done it three or four times. But this case may be one in which the defendant was very blaise, took no depositions of witnesses and just assumed that the plaintiff was not a working subcontractor. So it addresses its question to the Court of Appeals (sic) for review in which I imagine this case will be appealed." (Tr. p. 112-113).
Much discretion is awarded to the trial court in determining the question of attorney's fees. While we agree with the trial court judge that this may indeed be a proper case for the award of attorney's fees and penalties, we cannot say that he clearly abused his discretion in failing to do so.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] Rockwood Insurance Company had been previously dismissed as a defendant on a motion for summary judgment. That judgment was not appealed.