SCHOTT, Judge.
In this Worker’s Compensation case plaintiff was awarded benefits for temporary total disability pursuant to LSA-R.S. 23:1221(1), statutory penalties pursuant to R.S. 23:1201(E) and attorney’s fees pursuant to R.S. 23:1201.2. The trial court found that her disability resulted from an accident which occurred in May, 1984 and was not a development of a previous injury she sustained in August, 1981. The issues are whether this finding, in tandem with the trial court’s rejection of defendant’s plea of prescription, and the imposition of penalties and attorney’s fees are supported by the evidence.
Plaintiff was employed by defendant as a phlebotomist. While working on August 16, 1981 she injured her back and saw Dr. Russo for treatment. She was admitted to defendant’s hospital and was treated there for ten days with heat and physical therapy, medication, and traction. As her condition improved she returned to work on September 21, 1981, but her condition subsequently worsened and she was again admitted to defendant’s hospital in December, 1981 for further treatment. On December 23 she returned to work and her condition improved very gradually until May, 1984. During this period she saw Dr. Russo peri *145 odically and in February, 1984 he diagnosed her condition as lumbar strain with nerve root involvement but no indication of disc rupture or herniation.
Plaintiff testified that on May 7, 1984 while she was walking in the hospital hall performing her duties she felt a sudden pain in her back and leg. In her words “something like grabbed in my back, you know the lower part, and pain started shooting down my left leg ... ” She continued to work that day and for the next two days.
On May 10 she returned to Dr. Russo who found more nerve root involvement than before, suspected a ruptured disc, and hospitalized her. A CT scan and a myelo-gram confirmed that the disc had herniated. In August, 1984 a lumbar laminectomy and excision of the herniated disc at the L4 level were performed. At the time of the trial in January, 1985 Dr. Russo considered her unable to return to work.
By its first specification of error defendant contends that the trial judge erred in finding that plaintiff sustained a new accident in May, 1984 and argues that her claim filed in May, 1985 was prescribed since her disability was simply a development or outgrowth of the injury she sustained in August, 1981. Defendant relies on R.S. 23:1209 which provides for a one year prescriptive period for compensation claims provided that, “... when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Defendant questions that anything at all happened to plaintiff on May 7, 1984 because of her failure to make a report and the absence of any reference to such an incident in Dr. Russo’s report of the May 10 visit. However, plaintiff testified that the incident occurred and that she reported it to two supervisors, Mrs. Labry and Mr. Heikamp. Labry did not testify, but Heik-amp testified that plaintiff made no such report to him. At the beginning of extensive reasons for judgment the trial judge declared specifically that he “made a favorable credibility evaluation of the plaintiff.” Accepting this, we must conclude that plaintiff had a new accident on May 7, 1984.
Even so, defendant argues that her condition was not significantly aggravated by this episode. In support of this argument, defendant places great reliance on a report made by Dr. Russo to defendant’s insurer on May 21, 1984 in which he makes no mention of plaintiff’s sustaining a new accident but treats the visit as a follow up on her previous visits. For example, the report stated: “The patient was seen on May 10, 1984 at which time she was still having pain and discomfort.”
On the other hand Dr. Russo testified that the 1984 incident aggravated her preexisting condition and “added insult to injury”. He stated that her subsequent surgery would probably not have been necessary and her disability from working would probably not have occurred had it not been for the 1984 accident. Based upon his testimony and that of plaintiff we cannot conclude that the trial judge committed manifest error in concluding that plaintiff’s disability at trial was the result of the 1984 accident. It follows that defendant’s exception of prescription was properly overruled.
Defendant’s third specification of error concerns the trial court’s imposition of penalties and attorney’s fees. Defendant argues that the record does not support this part of the judgment even if the rest is correct.
Defendant’s Employee Health Coordinator, Mary Holmes, testified that her first knowledge of plaintiff’s claim came when she learned of the lawsuit. She had been informed in May 1984 that Dr. Russo was admitting her to the hospital but she thought this was for “continued care of an old injury.” She inquired of one Joy Stengel, a representative of defendant's insurer, as to payment of compensation benefits; Stengal spoke with her supervisor and she *146 told Holmes “that the medical benefits would be paid because she had been under continuous care, but compensation benefits would not be paid because the prescriptive period had run out.”
In his reasons for judgment the trial court attached much importance on the facts that plaintiff was admitted to defendant’s hospital on two occasions by Dr. Russo who is on defendant’s staff. He held that this obviated the need for a formal written report by plaintiff of her accident. The court also found that defendant was derelict in failing to investigate by questioning plaintiff, Dr. Russo, or the insurance carrier even though it had some notice. He specifically faulted defendant for failing to call as witnesses the insurance representative who made the decision that plaintiff’s claim had prescribed or the employment supervisor to whom plaintiff testified she orally reported the accident.
The trial court’s assessment of penalties and attorney’s fees seems to be based on the proposition that defendant had sufficient notice of plaintiff’s 1984 accident to trigger some investigation on its part before resting on its conclusion that whatever plaintiff’s trouble may have been it was another chapter in the ongoing story of her 1981 accident. The facts support this theory once plaintiff’s testimony that she reported her accident to Labry and Heikamp is accepted as true. Following this report by three days she was admitted to the hospital for extensive tests. Defendant and its insurer had to know that something had happened to plaintiff over and above the condition which had brought her to Dr. Russo for routine checkups over the long period between the two accidents.
As to the law, R.S. 23:1201(E) makes the penalty for nonpayment of benefits mandatory “unless such nonpayment results from conditions over which the employer or insurer had no control.” The facts recited above do not constitute such conditions. The information furnished defendant, i.e. her report of the accident and her admission to defendant’s hospital by Dr. Russo against the background of her employment history was sufficient to require it to make some investigation which in turn would have required payment of compensation benefits. We conclude that penalties were properly assessed by the trial court.
As to attorney’s fees, R.S. 23:1201.2 provides for their imposition if benefits are not paid within sixty days after notice and if the failure to pay is found to be arbitrary, capricious, or without probable cause. Much discretion is given to the trial court in determining the question of attorney’s fees. Flint v. Rockwood Ins. Co., 455 So.2d 1251 (La.App. 4th Cir.1984). The trial judge found that defendant’s failure to pay resulted from its own failure and that of its insurer to respond in a reasonable manner to circumstances of which they were or should have been aware. The judge was convinced that some minimal investigation was warranted and would have disclosed that plaintiff’s hospitalization and ongoing, newly developed, disability was the result of a new accident. We are not persuaded that this conclusion was abusive of the trial court’s discretion.
Accordingly, the judgment is affirmed.