|, PEATROSS, J.
Claimant Milburn Pierce appeals from a judgment of the Office of Workers’ Compensation (“OWC”), holding that he must repay indemnity benefits paid by Defendant Tom Fullilove Construction Company (“Fullilove”). For the reasons stated herein, we affirm.

FACTS

Milburn Pierce is a painting contractor who operates Pierce Painting Company as a sole proprietorship. Mr. Pierce employed two painters and, in addition, did painting work himself. Mr. Pierce bought workers’ compensation insurance for his business through the Louisiana Workers’ Compensation Corporation (“LWCC”). When he purchased this insurance, Mr. Pierce excluded himself as a covered person under the policy. Specifically, the exclusion provides:
WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
PARTNERS, OFFICERS AND OTHERS EXCLUSION ENDORSEMENT Insurer: LOUISIANA WORKERS’ COMPENSATION CORPORATION
Policy No. 8063
*759 The policy does not cover bodily injury to any person described in the Schedule.
The premium basis for the policy does not include the remuneration' of such persons.
You will reimburse us for any payment we must make because of bodily injury to such persons.
Schedule
Bus. #. Name Position
Signature l2l Pierce, Melburn R[1] /s Ray Pierce/
Roughly 25 percent of Mr. Pierce’s painting work came from one contractor, Fullilove. Fullilove is. a member of the Louisiana Home Builders Association— Self-Insurers Fund. (“LHBA-SIF”), and Mr. Pierce had given his certificate of insurance to Fullilove. On August 3, 2002, Mr. Pierce was working on a job for Fulli-love, painting a townhouse in Shreveport, when he fell off the roof and broke his left wrist and left femur. His injuries required surgery and other therapy, and Mr. Pierce incurred more than $30,000 in medical bills for his treatment. After Mr. Pierce filed a formal claim for compensation in September 2002, LHBA-SIF (on behalf of Fullilove) paid the medical bills and also paid Mr. Pierce $320.52 per week in indemnity benefits. In October 2002, Fullilove and LHBA-SIF filed a reeonven-tional demand against Mr. Pierce seeking reimbursement of the compensation payments. In their petition, they alleged, inter aim, that:
4. At the time of the alleged, incident, Milburn Ray Pierce was a sole proprietor who had elected by written agreement not to be covered under the provisions of the Workers’ Compensation Act in accordance with La. R.S.- 23:1035.
In his answer, Mr. Pierce admitted the allegations in this paragraph.
In February 2004, Fullilove and LHBA-SIF filed a motion for summary judgment, arguing that, under La. R.S. 23:1063(B), ■they were entitled to reimbursement of the sums they had paid Mr. Pierce. In support of their motion, they provided: (1) an affidavit from Carol Rademacher, the adjuster for LHBA-SIF, who attested that the fund had paid Mr. Pierce |a$34,245.26 in medical benefits; (2) the deposition of Mr. Pierce; and (3) a statement of material uncontested facts. In response, Mr. Pi,erce filed a motion for summary judgment seeking dismissal of Fullilove’s claim. In support of his motion, Mr. Pierce introduced: (1) an affidavit stating, inter alia, that he (a) was engaged in manual labor when he was injured and (b) that he had only opted out of coverage under his LWCC policy for himself, but had never opted out from coverage of the Louisiana Workers’ Compensation Act; (2) the LWCC policy endorsement excluding him from the workers’ compensation policy; and (3) a statement adopting the statement of material uncontested facts filed by Fulli-love/LHBA-SIF. In March 2004, the OWC held a hearing on the cross-motions and concluded that the statute required Mr. Pierce to repay the benefits he had received.' Mir. Pierce now appeals.

DISCUSSION

The OWC held that Mr. Pierce was required to repay the compensation he had received through the application of La. R.S. 23:1063(B), which provides:
A principal contractor, when sued pursuant to the provisions of R.S. 23:1021(6) by an 'independent contractor who is a sole proprietor and who has elected by written agreement not to be covered by the provisions of this Chapter in accordance with R.S. 23:1035 or his dependent, may call such independent contrac *760 tor as a co-defendant, and the principal contractor shall be entitled to indemnity from his independent contractor for compensation payments paid by the principal contractor on account of an accidental injury to the independent contractor.
Section B was added to the statute in 2001 by Acts 2001, No. 1014, § 1.
|4La. R.S. 23:1021(6) provides:
“Independent contractor” means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
La. R.S. 23:1035 provides, in part:
A. The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer’s trade, business, or occupation, except that ... a sole proprietor with respect to such sole proprietorship may by written agreement elect not to be covered by the provisions of this Chapter. Such election shall not be limited, but shall apply to all trades, businesses, or occupations conducted by said ... sole proprietorship. Such an election shall be binding upon the employing ... sole proprietor and the surviving spouse, relatives, personal representative, heirs, or dependents of the ... sole proprietor so electing. No salary or compensation received by any such ... sole proprietor so electing shall be used in computing the premium rate for workers’ compensation insurance.
The case sub judice is before us on the granting of a motion for summary judgment. Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
Mr. Pierce’s admission in his answer to Fullilove’s reconventional demand that he had excluded himself from the Act is insufficient to end this controversy. Specifically, this case requires a careful examination of the | slanguage of La. R.S. 23:1063(B). The statute first requires that the party seeking indemnity be “a principal contractor,” and it appears that Fulli-love fits that description because Fullilove was the general contractor on the job on which Mr. Pierce was working. The statute next contemplates a situation where the principal contractor is “sued pursuant to the provisions of R.S. 23:1021(6) by an independent contractor who is a sole proprietor .... ” Mr. Pierce is indeed an independent contractor and his business is operated as a sole proprietorship. Although Mr. Pierce would otherwise not be subject to the compensation law as an independent contractor, the evidence in this case shows that he performed manual labor, specifically painting, in carrying out the contract with Fullilove; indeed, he was doing that work at the time of his accident. Accordingly, Mr. Pierce, although an independent contractor, is nevertheless “expressly covered by the provisions of this Chapter” per La. R.S. 23:1021(6) as a person often described in the jurisprudence as a “working independent contractor.”
*761 The statute next requires that the covered working independent contractor have “elected by written agreement not to be covered by the provisions of this Chapter in accordance with R.S. 23:1035-....” La. R.S. 23:1035(A) uses very similar language and provides that an independent contractor may by “written agreement elect not to be covered by the provisions of this Chapter.... ” Mr. Pierce takes issue with the application of this phrase to his written election not to be covered under his compensation insurance policy with LWCC. He argues that his election to exclude himself from compensation insurance coverage did not amount to | Rm election not to be covered by the provisions of the Louisiana Workers’ Compensation Act.
La. C.C. art. 9 provides:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
La. C.C. art. 10 states:
When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
La. C.C. art. 11 provides, in pertinent part:
The words of a law must be given their generally prevailing meaning.
La. C.C. art. 12 provides:
When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
La. R.S. 1:4 provides:
When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
Workers’ compensation proceedings are to be interpreted liberally in favor of the workmen. Rhodes v. Lewis, 01-1989 (La.5/14/02), 817 So.2d 64.
The contested phrase in La. R.S. 23:1035(A) is:
[A] sole proprietor with respect to such sole proprietorship may by written agreement elect not to be covered by the provisions of this Chapter.
|7The statute contemplates that the sole proprietor may make the election “with respect to such sole proprietorship....” In Robinson v. Heard, 01-1697 (La.2/26/02), 809 So.2d 943, the supreme court explained:
Black’s Law Dictionary defines sole proprietorship as “[a] form of business in which one person owns all the assets of the business in contrast to a partnership, trust or corporation. The sole proprietor is solely liable for all the debts of the business.” BLACK’S LAW DICTIONARY 1392 (6th ed.1990). A sole proprietorship is not a legal entity. It is merely a designation assigned to a manner of doing business by an individual. While the individual involved in the sole proprietorship may consider the business to be separate and distinct from his/her person, there exists no legal distinction between the individual and the business.
We find, therefore, that, when the statute says “with respect to such sole proprietorship ...,” it means with respect to the sole proprietor — the individual engaged in the business enterprise. In this case, that is Mr. Pierce. The compensation liability of “Pierce Painting Company” rests on the shoulders of Mr. Pierce, who elected to insure against compensation claims only for his employees, not for himself.
Both La. R.S. 23:1063(B) and La. R.S. 23:1035(A) recognize that the election not to be covered by the provisions of the chapter may be made by “written agree *762 ment.” The statutes do not specify with whom the sole proprietor may make this agreement. The principal contractor argues that the sole proprietor’s election not to be covered by his compensation insurer is such an agreement. Under that interpretation, the written agreement would be between the sole proprietor and his insurer. Another interpretation would be that the statute contemplates that the written agreement would be between the sole proprietor and the principal ^contractor. We conclude that the language in both statutes is sufficiently broad to encompass both interpretations; the sole proprietor may make the agreement with his own insurer or with the principal contractor.
At the time of the accident, La. R.S. 23:1163(B) provided[2]:
B. Nothing herein shall be construed to prevent any employer from carrying his own insurance towards his own employees; nothing herein shall apply to an employer qualified under the laws of this state to engage in the liability insurance business. In addition, nothing herein shall be construed to prevent an independent contractor, who is a sole proprietor and who has elected by written agreement not to be covered by the provisions of this Chapter in accordance with R.S. 23:1035, from entering into a contract with his principal pursuant to which the independent contractor is responsible for securing insurance or self-insurance for the benefits provided pursuant to this Chapter. (Emphasis added.)
Here, the legislature specifies that contracts with the principal are permitted.
La. R.S. 23:1035(A), however, seems to contemplate that most such agreements would be made between the sole proprietor and his insurer. In addition to the required unlimited nature of the election, the last sentence of La. R.S. 23:1035(A) provides:
No salary or compensation received by any such ... sole proprietor so electing shall be used in computing the premium rate for workers’ compensation insurance.
When an election is made between the sole proprietor and a principal contractor in a particular contract to perform work, the sole proprietor’s compensation insurance company in many cases would not be aware of the [ selection unless and until the proprietor makes it known to his insurer in order to receive lower compensation insurance premiums. Thus, the election will often be made only with the insurer, the party with whom the sole proprietor bargains for insurance rates.
The statute further contemplates an election by the sole proprietor “not to be covered by the provisions of this Chapter.” The reference to “this Chapter” can only mean Chapter 10 of Title 23 of the Louisiana Revised Statutes, the chapter containing the workers’ compensation laws. Apart from La. R.S. 23:1021(6), La. R.S. 23:1035(A), La. R.S. 23:1063(B) and La. R.S. 23:1163(B), the legislature uses a phrase similar to “not to be covered by the provisions of this Chapter” in one other statute in Chapter 10 of Title 23, La. R.S. 23:1031, which provides, in part:
D. An injury by accident shall not be considered as having arisen out of the *763 employment and is thereby not covered by the provisions of this Chapter if the injured employee was engaged in horseplay at the time of the injury.
E. An injury by accident should not be considered as having arisen out of the employment and thereby not covered by the provisions of this Chapter if the employer can establish that the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee’s employment. (Emphasis added.)
These exceptions from compensation are incidents for which the injured employee’s remedy, if any, is in tort.
Although the phrase is to be taken literally in La. R.S. 23:1031, we conclude that the legislature did not intend, in the statutes at issue, that a sole proprietor may voluntarily and entirely “opt-out” or exempt himself and his business operation from the provisions of the Louisiana Workers’ ImCompensation Act. Such persons often have employees who could be stripped of their compensation remedy if the contractor were entitled to totally exclude his business from the coverage of the Act. La. R.S. 23:1035(A) specifies that the election is binding “upon the employing ... sole proprietor and the surviving spouse, relatives, personal representative, heirs, or dependents of the ... sole proprietor so electing.” This list does not include employees. Any election attempting to delete coverage for the enterprise’s employees would be void.
Defendants also urge that the Act does not allow Mr. Pierce to “opt-out” of the Act’s coverage for himself and that such an interpretation would render La. R.S. 23:1063(B) meaningless. We are not prepared, however, to say that a sole proprietor is forbidden, by public policy or otherwise, to exempt himself from the coverage of the Act. In the context presented here, Mr. Pierce is an independent contractor who, but for his performance of manual labor, would not be covered under the Act. See La. R.S. 23:1021(6). The Act does not cover all persons for all risks in all circumstances. As pointed out in Malone & Johnson, Louisiana Civil Law Treatise 13 — Workers Compensation, Fourth Ed., § 71:
[I]f an accident befalls a person who represents the enterprise itself (rather than the employee group), that situation may be outside the protective covering of the Act. In such cases the chance of personal injury is simply treated like any of the other risks of the business. There is no evidence of any legislative intention to provide a system of self-insurance for the individual who is a part of the enterprise.
In many cases where the sole proprietor has made the election for himself in a written agreement with his compensation insurer, the principal In contractor will be unaware of the election unless it is brought to the contractor’s attention by the sole proprietor. In the case sub judice, the certificate of insurance provided by Mr. Pierce to Fullilove does not clearly show that Mr. Pierce excluded himself from his compensation insurance policy. In such a case, the principal contractor might, as happened here, pay compensation benefits to the sole proprietor for the proprietor’s own injury, particularly because the contractor might fear the imposition of penalties and attorney fees if it delays payment. At the time it discovers that the proprietor has opted out of the Act’s coverage, the contractor could seek indemnity from the sole proprietor if the other statutory requirements of La. R.S. 23:1063(B) were met. Thus, a literal reading of La. R.S. 23:1063(B)’s phrase “not to be covered by the provisions of this Chapter” does not lead to a prohibited result when applied to *764 an election by the sole proprietor for himself.
The remaining question is whether a sole proprietor’s choice to exclude himself from his workers’ compensation insurance policy is the same as an election not to be covered by the provisions of the workers’ compensation law.
La. R.S. 23:1063(A) provides:
A. A principal contractor, when sued by an employee of a subcontractor or his dependent, may call that contractor, or any intermediate contractor or contractors, as a co-defendant, and the principal contractor shall be entitled to indemnity from his subcontractor for compensation payments paid by the principal contractor on account of an accidental injury to the employee of the subcontractor. (Emphasis added.)
haAs noted above, Section B was added to the statute in 2001 by Acts 2001, No. 1014, § 1; prior to that time, what is now Section A comprised the entirety of the statute. Under that section, the principal contractor was not entitled to seek indemnity from a sole proprietor subcontractor for injuries to the subcontractor himself; rather, the principal contractor was limited to seeking indemnity for injuries to the subcontractor’s employees. The reasoning was that the sole proprietor could not be an employee of himself. See Teel v. Superior Scrap Metals, 95-969 (La.App. 5th. Cir.5/15/96), 675 So.2d 1169, writ denied, 96-1566 (La.5/1/97), 693 So.2d 749; Flint v. Rockwood Ins. Co., 455 So.2d 1251 (La.App. 4th. Cir.1984); Manuel v. Jennings Lumber Co., 231 So.2d 458 (La.App. 3d Cir.1970).
The enactment of La. R.S. 23:1063(B) seems squarely intended to cure this “loophole” in the compensation law. An employer must provide compensation coverage for its employees in a way specified by the legislature. La. R.S. 23:1168; see also La. R.S. 23:1033. Under La. R.S. 23:1063(B), the principal contractor may now seek indemnity from a sole proprietor who has made a valid election for himself under La. R.S. 23:1035(A). La. R.S. 23:1162 provides, in part:
No policy of insurance against liability under this Chapter shall be made unless the policy covers the entire liability of the employer....
The “provisions of this Chapter” are those compensation benefits that any policy of compensation insurance must, by its terms, cover under La. R.S. 23:1162. When a sole proprietor elects not to cover himself under his compensation insurance policy, he excludes himself from the benefits of the |13workers’ compensation laws. An election to opt-out of insurance coverage is, thus, an election to opt-out from the provisions of the compensation Act. Applied to the case sub judice, we conclude that an election like that made by Mr. Pierce, to exclude himself from workers’ compensation insurance coverage, is an election to be excluded from the provisions of Chapter 10 of Title 23.
The facts of this case likewise fall within the remainder of the La. R.S. 23:1063(B) that has not been discussed above:
... may call such independent contractor as a co-defendant, and the principal contractor shall be entitled to indemnity from his independent contractor for compensation payments paid by the principal contractor on account of an accidental injury to the independent contractor.
Mr. Pierce argues that, because LHBA-SIF, and not Fullilove itself, paid the benefits, the payments were not made “by the principal contractor....” We reject this argument because LHBA-SIF, in making the payments, was merely satisfying the obligation of Fullilove pursuant to its con *765 tract with Fullilove. The payment of compensation benefits is not a strictly personal obligation of the contractor under La. C.C. art. 1766. Likewise, “compensation payments” within the meaning of the statute amount to payment of the employer’s entire compensation obligation, if any, under La. R.S. 23:1201, and not merely the indemnity benefits as urged by Mr. Pierce.

CONCLUSION

For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. Costs are assessed to Claimant/Appellant, Milburn Pierce.
AFFIRMED.

. Spelling in original.

. The statute was amended by Act 416 of 2004 to add the following at the end:
... or to reduce payments to the independent contractor for coverage of the independent contractor or his employees pursuant to a contract, nor shall it be a violation of this Section if a principal has agreed to provide workers’ compensation insurance to all contractors working under a contract with the principal and for the cost of this coverage to be a consideration in the contract between the principal and the contractors.